IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTHONY P. BRZEZINSKI and
ANTHONY P. BRZEZINSKI REVOCABLE  OPINION AND ORDER
TRUST,
                Plaintiffs,                17-cv-360-slc

   v.

JACKSON NATIONAL LIFE INSURANCE
COMPANY,
                Defendant.

---

      This is a civil removal action in which the plaintiffs, Anthony P. Brzezinski and Anthony P. Brzezinski Revocable Trust, seek rescission of a life insurance policy issued by defendant Jackson National Life Insurance Company in 1997. Plaintiffs contend that defendant violated a state administrative provision that in 1997 required insurers to notify a policyholder that he or she had 20 days to return the policy after delivery for a full refund of all premiums paid on the policy. Although the policy *contains* this notice, plaintiffs insist they never received a copy of the policy when it was issued, and that therefore they can retroactively invoke their right to return the policy and obtain a full refund of 20 years' worth of premiums totaling $567,840.

      Even if the court accepts plaintiffs' claim that they did not receive a copy of the policy until 2016, plaintiffs cannot recover on their claim. The reasons are legion: Plaintiffs cannot bring a private cause of action to enforce Wisconsin's insurance regulations; plaintiffs were not the owners of the policy when it originally issued; plaintiffs' have not alleged any misrepresentations of fact by defendant; and, plaintiffs acknowledged and benefitted from the policy prior to bringing this lawsuit. Accordingly, the court is granting summary judgment to defendant and denying plaintiff's cross-motion.

OPINION

The material facts are largely undisputed.  In 1997, defendant Jackson National Life Insurance Company (JNL) issued a $750,000 life insurance policy on the life of plaintiff Anthony B. Brzezinski, who then was 69 years old.[1]  The policy had a maximum term of 31 years with a $750,00 death benefit.  The policy was a form of a whole life policy, the cost of which was adjusted annually based on actuarial calculations and interest rates.  It guaranteed a monthly premium of $2,535 for at least 15 years.  In addition to providing a death benefit of $750,000, the policy built cash value, meaning that the owner could take loans against it and use it as collateral.

The owners of the policy were Brzezinski's brother Bernard and his nephew, Paul Stankowski.  Ownership changed when the plaintiff Trust was created in 2003 and took sole ownership in 2004.  Anthony Brzezinski has never owned the policy, but for nearly 20 years he paid the monthly premiums.

In January 2016, JNL advised Brzezinski that it was increasing his monthly premium from $2,535 to $10,000.  Dismayed at this large jump, Brzezinski filed a complaint with Wisconsin's Office of the Commissioner of Insurance, asserting that he was not aware from his agent or the policy that his premiums would increase, and requesting that JNL maintain his monthly premiums at the original rate.  In response, JNL offered Brzezinski an endorsement to the policy that would have allowed him to continue paying $2,535 monthly premiums for the

---

[1] JNL asserts that this policy, bearing number 002617747U, was issued pursuant to a conversion privilege provision contained within a policy issued in 1996 (referred to by the parties as the "Original Policy").  Although plaintiffs "dispute" that the Original Policy contained a conversion policy on the ground that they have never seen the Original Policy, they have not produced any evidence suggesting that the Specimen Copy produced by defendant does not accurately state the terms of the Original Policy, nor have they disputed that on or about July 30, 1997, Brzezinski executed a Request for Conversion of the Original Policy.  In any case, it is unnecessary to resolve this dispute; plaintiffs' claim fails regardless whether 002617747U was issued pursuant to a conversion request or was a new, original policy.

2

life of the policy. Brzezinski refused to sign the endorsement. The policy subsequently lapsed.

In early 2017, Brzezinski and the Anthony P. Brzezinski Revocable Trust[2], for which Brzezinski is sole trustee and which is listed as the owner of the policy, filed a lawsuit seeking rescission of the life insurance policy.[3] Plaintiffs contend that they are entitled to rescission because Brzezinski did not receive a copy of the policy in 1997. Plaintiffs' claim for rescission is grounded solely on Wis. Admin. Code Ins. § 2.07(6)(a)(4), which in 1997 required that an insurer selling a replacement policy through an agent must:

> Guarantee to the policyholder at least a 20-day right to return the policy after delivery for a full refund of premium, and provide a written notice attached to, or as part of, the first page of the policy informing the policyholder of this right.

Admin. Code § Ins. § 2.07(5)(a)(4)(d) (1997).

Plaintiffs allege that JNL violated this provision by not providing Brzezinski with a copy of the policy when it was issued in 1997; therefore, they argue, Brzezinski was not provided with notice of his right to return the policy and receive a refund. According to plaintiffs, this failure now entitles them, 20 years later, to return the policy for a full refund of all premiums paid. Plaintiffs are mistaken.

As an initial observation, Brzezinski's claim that he never received a copy of the policy is, at best, implausible. Mark Henry, the insurance agent who sold the policy, avers that he

---

[2] As JNL points out, a trust is not a legal entity capable of filing suit in its own right. *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. __, 136 S. Ct. 1012, 1016 (2016); *Larson v. United Healthcare Ins. Co.*, 723 F.3d 905, 914 (7th Cir. 2013). I will assume that Brzezinski is proceeding both individually and in his capacity as trustee of the Trust.

[3] Plaintiffs initially filed suit in the Circuit Court for Portage County. Defendants removed the case on May 15, 2017, on grounds of diversity. Dkt. 1. I find that diversity jurisdiction is present: plaintiffs are both residents of Wisconsin, and JNL is a corporation organized and existing under the laws of Michigan with its principal place of business located in Lansing, Michigan.

hand-delivered a copy of the policy to Brzezinski at his home, which was Henry's customary practice for all life insurance policies that he sold then. Dtk. 27, ¶18. Brzezinski, on the other hand, does not recall any of the circumstances surrounding the application and issuance of this policy other than his belief that he obtained it at the urging of his accountant. Brzezinski admits that he never asked anyone how life insurance worked in general and he never asked anyone any questions about this particular policy until the instant dispute arose over the premium hike. Brzezinski admits that he did not read or pay attention to policy-related documentation provided by JNL; in fact, he routinely threw away correspondence from JNL without reading it. All of this being so, whether Brzezinski actually received a copy of the policy in 1997 is a disputed fact. It is, however, immaterial to the outcome. Plaintiffs' claim fails for a number of other reasons, none of which turns on any disputed fact.

For starters, Brzezinski has *never* owned the policy, and the Trust did not become its owner until 2004. Indeed, the Trust, which was established on December 18, 2003, did not exist at the time the policy was issued in 1997. For reasons that no one recalls with certainty, the owners of the policy until the Trust took ownership in 2004 were Brzezinski's brother Paul and nephew Bernard.[4] Wis. Admin. Code § Ins. 2.07 required that notice be provided to "the policyholder," which was neither Brzezinski nor the Trust.

In any case, even if plaintiffs could establish that they were entitled to receive notice

---

[4] Although plaintiffs insist that neither Paul nor Bernard received a copy of the policy, neither of them is a plaintiff in this lawsuit. Plaintiffs have offered no argument in support of their suggestion that they have a right to assert claims on behalf of Paul or Bernard. Moreover, plaintiffs do not explain why it matters that neither Paul, Bernard nor Brzezinski understood until recently that Paul and Bernard rather than Brzezinski were the owners of the policy until 2004. Clearly, JNL had no obligation to ignore what was written on the insurance application provided to it. The administrative code provision on which plaintiffs are proceeding requires notice to "the policyholder," not "interested parties," and it is undisputed that the policyholders in 1997 were Paul and Bernard.

under Section 2.07, they cannot assert a private right of action against JNL under that provision. As other courts in this circuit have recognized, "the statutes and regulations of Wisconsin's insurance industry do not create a private right of action." *Van Den Heuvel v. AI Credit Corp.*, No. 12-C-0327, 2014 WL 12651232, *11 (E.D. Wis. Apr. 11, 2014) (citing *Kranzush v. Badger State Mut. Cas. Co.*, 103 Wis. 2d 56, 76-82, 307 N.W. 2d 256 (1981)). *N.A.A.C.P. v. Am. Family Mut. Ins. Co.*, 978 F.2d 287, 302 (7th Cir. 1992) ("Wis. Stat. § 601.64(3)(c) and (4) set out penalties for transgressions against insurance statutes and rules; damages in private actions are not among them."); *Mohs v. Metro. Life Ins. Co.*, No. 00-C-0543-C, 2000 WL 34236003, at *1 (W.D. Wis. Nov. 24, 2000) ("Nothing in Wis. Stat. §§ 610.21or 180.1502 (formerly, § 180.847) suggests that these statutes create private rights of action, that is, rights that would accrue to an individual and allow the individual to sue for violations of the right."); *Duir v. John Alden Life Ins. Co.*, 573 F. Supp. 1002, 1010 (W.D. Wis. 1983), *aff'd*, 754 F.2d 245 (7th Cir. 1985) ("Duir has alleged JALIC violated numerous administrative regulations promulgated by the Wisconsin Insurance Commission. Duir has cited no statutes or cases creating a private right of action for violation of insurance regulations, and the Court is aware of none.").

Plaintiffs have cited no authorities to the contrary. The best legal argument they can muster is to point out that none of the cases cited above specifically addresses § 2.07. While technically correct, this fact alone is insufficient to refute the courts' broad language suggesting that *none* of the administrative regulations of Wisconsin's insurance industry creates a private right of action. *See, e.g., Van Den Heuvel*, 2014 WL 12651232, *11; *N.A.A.C.P.*, 978 F.2d at 301. As these cases recognize, enforcement of Wisconsin's insurance statutes and regulations lies with the Commissioner of insurance, not private litigants. This is confirmed by the text of

Wis. Admin. Code Ins. § 2.07, which states that a violation of the section is "subject to s. 601.64, Stats." Wis. Admin. Code § Ins. 2.07(7) (1997). Wis. Stat. § 601.64, in turn, sets out the enforcement procedures that are available to the Commissioner. Nothing in § 601.64 authorizes a private right of action.

Plaintiffs argue that denying their cause of action would defeat Wis. Admin. Code Ins. § 2.07's stated purpose of protecting the interests of life insurance and annuity policy holders. Br. in Opp., dkt. 35, at 4. However, "that a rule is enacted for the benefit of a particular class of persons is not to say it creates a private right of action to assure that those benefits are realized." *Kranzush*, 103 Wis. 2d at 79-80, 307 N.W. 2d at 268. Rather, there must be "an expression of legislative intent specifically to create such a right." *Id.*, 103 Wis. 2d at 80; 307 N.W. 2d at 268. Plaintiffs do not cite to any language other than the rule's general purpose to demonstrate that the legislature intended that § 2.07 should operate differently than other administrative provisions and be enforceable through a private right of action. As *Kranzush* makes clear, general statements of legislative purpose are not enough. Thus, plaintiffs' cause of action under Wis. Admin. Code Ins. § 2.07 cannot proceed.

Perhaps seeing the writing on the wall, plaintiffs strain to transmogrify their theory of relief into a common law misrepresentation claim. This effort fails as well. Plaintiffs do not allege that Henry, the insurance agent, made any misrepresentations of fact to Brzezinski. Plaintiffs allege simply that Brzezinski "understood" that he was purchasing a life insurance policy that would be paid off in 20 years. *See* dkt. 34, Plts.' Responses to PPFOFs Nos. 87-92. Plaintiffs then circle back to § 2.07 to point out that under Wisconsin's Administrative Code, violations of § 2.07 "shall be deemed to be a misrepresentation for the purpose of inducing a

prospect to purchase insurance." Br. in Opp., dkt. 35, at 7 (quoting Wis. Admin. Code Ins. § 2.07(7) (1997)). As just stated, however, they have no private right of action under § 2.07. Labeling it a "misrepresentation" claim changes nothing. Further, plaintiffs have offered no evidence to support their newly-hatched theory of mutual mistake of fact. *See* Br. in Opp, dkt. 35, at 8.

Finally, even if a plausible theory of relief could be divined from these facts, plaintiffs would be equitably estopped from asserting it. Estoppel is defined as "[a] bar that prevents one from asserting a claim or right that contradicts what one has said or done before." Black's Law Dictionary 629 (9th ed. 2009). Equitable estoppel "precludes one who accepts the benefits [under a contract] from repudiating the accompanying or resulting obligation. Parties cannot accept benefits under a contract fairly made and at the same time question its validity." Am. Jur. Estoppel § 60. *See also Phillips Petroleum Co. v. Taggart*, 271 Wis. 261, 275, 73 N.W. 2d 482, 488 (1955)("One cannot accept the benefits of a contract over a long period of time and then successfully contend that the contract is not binding," and noting that "[t]his rule has been applied where the objection was made [ ] that the contract was not delivered [ ]".)(citations and ellipses omitted). It is undisputed that Brzezinski, as trustee of the Trust, took out a $95,000 loan against the policy in 2007, and used the policy in 2010 as collateral for a bank loan.

Just as significantly, Brzezinski received the benefit of life insurance coverage during the roughly 20 years the policy was in effect. If Brzezinski had died during this time period, then JNL would have been on the hook to pay the death benefits due under the policy. *Accord Bostwick v. Mut. Life Ins. Co. of New York*, 116 Wis. 392, 89 N.W. 538, *on reh'g*, 116 Wis. 392, 423, 92 N.W. 246 (1902) (where policyholders paid premium and received coverage for months

before examining policy and repudiating transaction, principles of estoppel barred their claims). Having received all of the benefits he was due under the policy, Brzezinski cannot now disclaim its validity or seek its rescission simply because he has decided in hindsight that the costs outweighed the perceived benefits.

## ORDER

IT IS ORDERED that defendant Jackson National Life Insurance Company's motion for summary judgment is GRANTED. Plaintiffs' cross-motion for summary judgment is DENIED. The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 29th day of May, 2018.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge